[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on April 21, 1979 at Milford, Connecticut. They have resided continuously in this state since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-62 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
This is a sixteen year marriage. Both parties worked substantial hours at the plaintiff's mother's bar and restaurant, the Kossuth Club. In 1991, the defendant was put in charge of managing the bar and club. He did whatever had to be done, including duties as a bartender and as a bouncer, sometimes working CT Page 10964 60 hours a week. The plaintiff worked at the Kossuth Club from nine a.m. to one p. m. The plaintiff testified that the parties were paid in cash by the plaintiff's mother, the plaintiff receiving $101 per week net and the defendant receiving $228 per week net. The defendant was terminated from his employment at the Kossuth Club in March 1995 and was given the sum of $500 as a severance. This dissolution was instituted in March 1995.
The defendant is a gun collector and was involved in the sale, trade and exchange of guns, including antique guns. The defendant claimed he sometimes made between $1500 and $2,000 a year from his gun hobby. In July 1992, the parties brought all of the guns to New Hampshire where they were sold/auctioned for $11,764. In March 1995, the defendant disposed of some remaining guns for $500. The defendant claims he has no other guns. The $11,764 check went into the parties' checking account. Neither party could track what happened to these funds. The plaintiff, however, took care of all the bills and she has all the banking records.
Both parties drank to excess according to the testimony. In 1992, the plaintiff stopped drinking and has remained sober for three years. She is presently seeing a Dr. Watstein on a weekly basis for counseling. The defendant claimed the plaintiff's personality changed when she stopped drinking. The plaintiff claims the defendant is alcoholic.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The court finds the marital home to have a fair market value of $130,000 as testified by the appraiser. The parties purchased the home in 1987 for approximately $144,500. The plaintiff's mother gave the parties $27,000. There was a dispute as to whether the defendant's mother advanced $4,000 or $8,000. The present mortgage is approximately $100,332.
A major contention between the parties was the plaintiff's inheritance. The plaintiff's father died in June 1995 after the dissolution was instituted. The plaintiff was left a one-third interest of her father's residuary estate. The plaintiff, along with her two siblings, executed a mutual distribution agreement dated July 11, 1995 distributing all of the plaintiff's interest in her father's estate to her mother. CT Page 10965
No inventory had been filed in the probate court at the time of trial. The plaintiff testified her father owned no stocks, bonds or motor vehicle. The decedent, however, owned a one-third interest in real estate located at 2929 Fairfield Avenue, Bridgeport, Connecticut. This commercial property was appraised at $190,000 by the defendant's expert. The plaintiff presented no expert testimony as to the value of this property. There was some limited testimony that the will was incorrectly drawn and/or it was the decedent's desire that the plaintiff's mother should receive his interest in this real estate. The plaintiff's one-third interest which she has distributed to her mother Katalin Horvath is approximately $21,111. The mutual distribution document has been executed by the plaintiff and her brother and sister and has been filed in the probate court, although not accepted nor approved by the probate court.
In effect, the plaintiff has disposed of an asset valued at approximately $21,111 during the pendency of this dissolution which asset may or may not have been subject to division by the court. The plaintiff was appointed as executrix of her father's will. There was no evidence presented as to any debts or expenses of the estate.
The plaintiff is aged 38 and has a high school education at the present time. She is continuing to work at the Kossuth Club earning a net of $134.02 per week. She has worked at her mother's club for the past ten years.
The defendant is also 38 years of age and has a high school education. He has obtained employment as a car salesman and is earning approximately $397.22 net per week.
The following orders shall enter:
Property Settlement
1. The defendant is awarded a lump sum property settlement of $18,000 payable by the plaintiff to the defendant within 45 days of date. Upon payment of said lump sum property award, the defendant shall quitclaim all his right, title and interest in and to the marital property located at 55 Fairwood Avenue, Milford, Connecticut to the plaintiff. The plaintiff shall hold the defendant harmless from any and all liability with respect to the mortgage, taxes and insurance with respect to said property. CT Page 10966
2. In the event the lump sum property settlement is not paid within 45 days of date, then the marital home shall immediately be placed and listed on the market for sale and shall be sold forthwith. The parties shall agree on a listing price and a listing broker.
3. Upon the sale of the property, the net proceeds after the payment of the real estate commission, mortgage, taxes and usual closing costs, said net proceeds shall be divided 60% to the defendant and 40% to the plaintiff.
4. In the event the property is placed on the market for sale, the plaintiff shall be responsible for the mortgage, taxes and insurance until the property is sold.
5. The court shall retain jurisdiction over any disputes relating to the sale of the property.
Personal Property
1. The defendant shall be entitled to the following items of personal property which shall be intact and not defaced:
his clothing
the model ship made by the defendant's father
the Salvadore Dali print
the small collection of bric-a-brac
his repair tapes
holsters for guns
fishing/archery equipment
gun safe (3)
computer/printer and desk
assorted books
extra dining room table and four chairs CT Page 10967
his gun records, intact
2. The remaining property in the marital home shall be the sole property of the plaintiff.
3. The defendant shall remove his personal property within 30 days of date.
4. The 1993 Ford van shall be the sole property of the defendant and the plaintiff shall execute whatever documents necessary to transfer title. The defendant shall be solely responsible for the loan on said motor vehicle and shall hold the plaintiff harmless therefrom.
5. The defendant shall be entitled to his Bemis Industries shares of stock.
Debts
1. The defendant shall be responsible for the CitiBank MasterCard obligation and shall hold the plaintiff harmless therefrom except for the sum of $1000, which shall be paid by the plaintiff toward said obligation.
2. Each party shall be responsible for the remaining bills as stated on their respective financial affidavits.
Counsel Fees
No counsel fees are awarded to either party.
Alimony
1. Commencing with the payment of the lump sum award to the defendant, or upon the sale of the marital home, whichever event shall first occur, the defendant shall pay to the plaintiff as periodic alimony the sum of $35 per week for a term of five years. Said term will give the plaintiff an opportunity to secure full time employment and/or obtain training in an appropriate business field. Said alimony shall sooner terminate upon the death of the defendant, the death of the plaintiff or her remarriage or cohabitation as defined by statute, whichever event shall first occur.
2. No alimony is awarded to the defendant. CT Page 10968
Other Property
Any interest the plaintiff shall have in her father's estate shall be her sole property and the defendant shall have no claim thereto.
Coppeto, J.